**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NORTH DAKOTA**

| | |
|---|---|
| Samuel Bruss,<br><br>Plaintiff,<br><br>v.<br><br>P.S. Hellandsaas Enterprises, Inc. d/b/a Tobacco Gardens Resort & Marina,<br><br>Defendant. | CASE NO. 1:24-cv-00243 |

# Fourth Stipulation to Amend Scheduling / Discovery Plan

The parties, by and through their undersigned counsel of record, submit this Stipulation to Amend Scheduling / Discovery Plan.

(1) The parties propose the following discovery plan:

(a) Discovery will be needed on these subjects: **Liability and damages.**

(b) Disclosure, discovery, or preservation of electronically stored information should be handled as follows: **The parties will meet and confer to stipulate on a procedure for production of electronically stored information.**

(c) The parties have discussed any issues regarding preservation of discoverable information as follows: **In the event any issues arise, the parties will attempt to meet and confer to resolve those issues.**

(d) The parties have discussed possible need for a protective order as follows: **The litigation might involve the production of commercially sensitive information, including documents that contain proprietary information. The parties will**

**submit a proposed protective order that permits documents to be marked as "confidential".**

(e) If this is a case that will involve the discovery of medical, mental health, employment, education, tax, or workers compensation records, the parties have agreed to the following with respect to who will secure these records and how the discovery of the records will be handled (*it will not be a sufficient answer that the parties have not addressed the issue or it will be considered later*): **Plaintiff will provide fully executed and unqualified authorizations to Defendants so that Defendants can obtain the requested records. Defendants will give Plaintiff all records that are received in response to the authorizations.**

If the parties have not reached an agreement all or in part, the following is what the parties have not been able to agree to and the reasons why (*if applicable, this section must be completed*): **N/A**.

(f) The parties have discussed privilege logs, including information to be included about documents over which privilege is asserted and any categories of documents which the parties agree need not be identified in privilege logs:

(g) The parties have agreed to the following maximum number of interrogatories **per party**: **25 interrogatories may be served by each party**.

(h) The parties have agreed to the following maximum number of requests for admissions **per party**: **25 requests for admissions may be served by each party**.

(i) The parties have agreed to the following maximum number of requests for production of documents **per party**: **50 requests for production may be served by each party**.

(j) The parties have agreed to the following maximum number of depositions **per party**: **10 depositions may be taken by each party**.

(k) The parties have discussed possible need for depositions of organizations pursuant to Rule 30(b)(6) and, as required by that rule, will confer in advance of any depositions of organizations about topics on which testimony is requested.

(l) The parties have agreed any depositions taken only for presentation at trial will be completed at least **30** days prior to trial.

(m) The parties have agreed that all fact discovery will be completed by the following deadline, with all written discovery to be served a minimum of thirty (33) days prior to the deadline: **12/1/2026**

(n) The parties have agreed on the following deadline for dispositive motions: **12/15/2026**

(o) The parties have agreed on the following deadline for discovery motions: **12/1/2026**

(p) The parties have agreed on the following deadlines for exchanging complete expert witness reports:

**12/1/2026** for plaintiff(s);

**1/15/2027** for defendant(s); and

**2/15/2027** for any rebuttal experts.

(q) The parties shall have until **45 days before trial** to complete discovery depositions of expert witnesses.

(2) The parties have discussed alternative dispute resolution and if fruitful, will either invite the court to do it or do it privately.

(3) The parties shall be ready to evaluate the case for settlement purposes by: **11/2/2027**

(4) The parties **will not** waive their rights to proceed before a district judge and consent to have a magistrate judge conduct all further proceedings in the case, including the trial, and order for entry of a final judgment.

(5) Any deadlines not mentioned in this stipulation have already occurred or will remain the same.

(6) Trial of this case is currently scheduled for September 28 – October 2, 2026. The parties request a scheduling conference for the purpose of getting trial rescheduled to a mutually agreed upon date for all involved.

(Reminder of page intentionally left blank.)

Dated this 18th day of September 2026.

WEIKUM INJURY LAW
Weikum Law, PLLC
120 North 3rd Street, Suite 220
Bismarck, ND 58501
701.354.0124
Correspondence: *jeff@weikuminjurylaw.com*
Service: *service@weikuminjurylaw.com*

By: *<u>/s/ Jeffrey S. Weikum</u>*
Jeffrey S. Weikum
ND Lic. No.: 05344

ATTORNEY FOR PLAINTIFF

SMITH PORSBORG SCHWEIGERT
ARMSTRONG MOLDENHAUER & SMITH
122 East Broadway Avenue
P.O. Box 460
Bismarck, ND 58502-0460
701.258-0630
*sporsborg@smithporsborg.com*
*bschmidt@smithporsborg.com*

By: *<u>/s/ Scott K. Porsborg</u>*
Scott K. Porsborg
ND Lic. No.: 04904
Brian D. Schmidt
ND Lic. No.: 07498

ATTORNEYS FOR DEFENDANT

**ORDER**

The court **ADOPTS** the parties' Fourth Stipulation to Amend Scheduling/Discovery Plan without additions or modifications.

**IT IS SO ORDERED.**

Dated this 10th day of November, 2026.

/s/ Clare R. Hochhalter
Clare R. Hochhalter, Magistrate Judge
United States District Court